UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS STROBL, an individual, | No.  2:13-cv-01436-MCE-EFB |
| Plaintiff, | |
| v. | **ORDER** |
| JOSEPH A. FARROW, in his official capacity as the Commissioner of the California Highway Patrol; DENNIS PONTIUS, individually and in his official capacity as an officer of the California Highway Patrol; MATTHEW STOVER, individually and in his official capacity as a Sergeant of the California Highway Patrol; ROBERTO GOMEZ, individually and in his official capacity as an officer of the California Highway Patrol; and DOES 1-50, inclusive, individually and in their capacities as law enforcement officers and/or personnel for the California Highway Patrol, | |
| Defendants. | |

Through the present action, Plaintiff Nicholas Strobl seeks damages against

three different California Highway Patrol different officers as a result of excessive force

allegedly employed by the officers following a fight that occurred at the R15 Bar in

Sacramento on May 19, 2012.  California Highway Patrol Commissioner Joseph A.

1

1   Farrow is also named as a Defendant.  Plaintiff asserts causes of action premised on

2   violations of 42 U.S.C. §§ 1983 and 1988, along with violations of the

3   Fourth and Fourteenth Amendments to the United States Constitution as well as various

4   pendent state claims.  On May 5, 2014, Defendant Farrow filed a Motion to Dismiss

5   Plaintiff's First Amended Complaint on grounds it fails to state a claim against Farrow on

6   which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).[1]  (ECF

7   No. 16).  The remaining Defendants filed their own Motion to Dismiss ten days later, on

8   May 15, 2014 (ECF No. 18).

9        Both Motions request, as an alternative to dismissal, that Plaintiff's action herein

10  be stayed pending the resolution of misdemeanor criminal charges pending against

11  Plaintiff as a result of the incident underlying this case.  According to Defendants, those

12  charges include alleged violations of California Penal Code sections 242 (Battery) and

13  243(b) (Battery against police officer).  See People of the State of California v. Nicholas

14  Von Strobl (Sacramento County Superior Court Case No. 12M06946, filed October 22,

15  2012.[2]  Defendants argue that Plaintiff's conviction in those proceedings could affect his

16  ability to maintain the present matter either under the so-called Heck rule or pursuant to

17  the Rooker-Feldman doctrine.  In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme

18  Court refused to permit a litigant to proceed with civil charges if those charges are

19  inconsistent with a litigant's prior criminal conviction, unless that conviction was

20  subsequently reversed.  Additionally, under Rooker-Feldman, a federal district court

21  lacks subject matter jurisdiction to hear a direct appeal from the final judgment of a state

22  court, so if the civil charges are tantamount to such an appeal they could be improper on

23  that ground as well.  See, e.g., Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003).

24  Consequently, according to Defendants, under either Heck or Rooker-Feldman, if

25  ///

---

26      [1] All further references to "Rule" or "Rules are to the Federal Rules of Civil Procedure unless otherwise noted.

27

28      [2] An online docket sheet for the criminal proceedings is attached as Exhibit A to the Declaration of Stephen C. Pass filed in support of Defendant Farrow's Motion.

1  Plaintiff is convicted of battery, or of battery against a police officer, that conviction could

2  preclude the claims Plaintiff is making through this lawsuit.

3      Significantly, the Court's own review of the Sacramento Superior Court's current

4  online docket sheet indicates that Plaintiff did in fact go to trial on June 23, 2014, on the

5  pending misdemeanor charges.  Following what appears to be a three-day jury trial,

6  Plaintiff was found guilty on June 27, 2014, of both the battery and battery against a

7  police officer charges, as well as on an additional count for violating California Penal

8  Code 148(a)(1) (resisting arrest).

9      Both the criminal charges against Plaintiff and the civil lawsuit he has filed in this

10  Court appear to arise from the same underlying facts.  Plaintiff's convictions may well

11  impugn his ability to maintain all or part of this lawsuit depending on the circumstances

12  of that conviction.  Consequently, the Court must first decide to what extent Plaintiff's

13  civil claims remain viable after those convictions before determining any of the other

14  issues raised by Defendants in their motions.

15      To that end, the parties are directed to meet and confer within fifteen (15) days

16  after the date this Order is electronically filed.  The parties are further directed to file a

17  joint statement with the Court not later than fifteen (15) days after they meet and confer.

18  That statement should advise the Court of the particulars surrounding resolution of

19  Plaintiff's criminal charges, as well as Plaintiff's intentions concerning his continued

20  prosecution of the present action, and whether or not he intends to appeal his

21  misdemeanor convictions, so that the Court can determine how the instant matter should

22  proceed forward.  In the meantime, since in the Court's view Plaintiff's criminal

23  convictions will, in all likelihood, significantly affect his ability to maintain the present civil

24  case at this time, Defendants' pending Motions to Dismiss, ECF Nos. 16 and 18, are

25  DENIED without prejudice to being renewed in whole or in part after the implications of

26  Plaintiff's criminal convictions have been addressed.

27  ///

28  ///

1   Finally, any obligation on Defendants' part to answer the currently operative First

2   Amended Complaint is stayed pending further notice from the Court.

3          IT IS SO ORDERED.

4   Dated:  January 26, 2015

5

6

7   _____

8   MORRISON C. ENGLAND, JR., CHIEF JUDGE
    UNITED STATES DISTRICT COURT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4